[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding is a post judgment motion for modification of child support. The plaintiff is an unemployed housewife and mother. The defendant is a disabled army veteran who suffers from a very serious diabetic condition and is a full-time student at the University of Miami School of Law. His tuition books and fees are all paid for by the Veteran's Administration. In addition to that, he has a Stafford loan that he characterizes as a education loan but appears to be a loan to maintain himself and meet the day to day expenses of life while CT Page 10090 in school. The Stafford loan is in the amount of eighteen thousand ($18,000) dollars. He lives with his present wife on off campus property owned by his mother-in-law. He does not pay rent per se but, indicates that his wife "sorts it out with her mother." Nevertheless, he claims to be paying rent in the amount of two hundred thirty-five ($235) dollars per week according to his financial affidavit. He then asserts that he is not actually paying rent but "it represents the amount of money that I can contribute, after paying child support and whatever expenses that I have left, to the mortgage on my house at 3344 Arundel on the Bay in Maryland."
After sparring with counsel and carefully wording the answers that he wished to provide, he claims there are no tenants living there; that it hasn't been rented and has been vacant. Subsequently, he remembered that he conveyed that home to himself and his present wife shortly after they were married and that she rents the property and realizes an income therefrom. He asserts the mortgage on the property in Maryland is one hundred thirty-three thousand three hundred seventy-five ($133,375) dollars. The monthly payment thereof is about twelve hundred eighty-nine ($1289) dollars. The payments on the mortgage are current. To reiterate, he ultimately says that he contributes two hundred thirty-five ($235) dollars a week toward this mortgage. This "contribution" is approximately nine hundred fifty ($950) dollars per month and produces a deficiency of two hundred thirty-nine ($239) dollars per month. It is evident to this court, that asset is indeed his, that he has tried to hide it, and that this attempt has now been exposed.
He has also taught sailing both in Maryland and in Florida, supposedly on a voluntary or complimentary basis. This premise falls under its own weight as it is totally inconceivable that someone with his condition, as he expresses it, with his lack of physical stamina, requiring additional time to take examinations, can and will spend about an hour at a time teaching sailing gratuitously. If his needs are as substantial as he would suggest to this court, then it cannot be said that those lessons are offered gratuitously.
In his last job with an organization which carries the acronym VADA, he demonstrated an earning capacity of forty-six thousand ($46,000) dollars per year gross. His testimony indicates that VADA and a second entity known as VSS are each defense contractors working on marine programs for the navy. He CT Page 10091 left VSS where he was employed before VADA because the company failed to fulfill certain promises, not because of his physical condition.
On June 3, 1997, a motion for modification of child support was filed by the defendant and was heard before the court. That motion resulted in a downward modification to twenty-four ($24) dollars per child per week. He was ordered, in addition thereto, to advise counsel of his obtaining employment and his rate of compensation in any such job. He made no effort to obtain employment of any kind since that hearing. It is also quite clear to this court that his testimony at that hearing did not disclose the income being derived from the rental property, which is an asset and which is certainly subject to being utilized for child support. In addition, the Stafford loan, which is for his expenses as he explains it, is also available to some extent to satisfy any order of the court with respect to child support. "Gratuitous" sailing lessons which he has been giving are a source of income contributing to his earning capacity which he chooses not to utilize.
This court has been intrigued by the testimony it has heard, and while the gentleman should be commended for his attempt to better himself by attending law school, and thereafter be able to utilize a profession at its conclusion, his testimony was hardly persuasive or credible. It is not difficult for the court to enter a finding that he made a conscious effort to avoid court orders, and an equally conscious effort to establish himself as someone who cannot afford to meet his obligation to his children and is bound and determined not to pay appropriate support orders at any time or under any circumstances. During the luncheon recess, he apparently realized that the court hardly considered his testimony credible. That realization created an amazing stimulus to his memory with respect to the property in Maryland and the funds it could and will produce.
The court finds there was a substantial change in circumstances since the last hearing predicated upon his nondisclosure of two or more of the assets and his utter lack of credibility. It is satisfied that he formerly had an earning capacity of forty-six thousand ($46,000) dollars per year and that said earning capacity has not been significantly diminished. His current medication and the manner of administration thereof existed during the period of the time that he was employed at VADA. The forty-six thousand ($46,000) dollar earning capacity, CT Page 10092 the Maryland property rental and the less than credible testimony about gratuitous sailing lessons, together with his service-connected disability payments, approximating twelve thousand ($12,000) dollars per year and his Stafford loan, lead the court to conclude the order for child support should indeed be modified and modified substantially. It also concludes that the application of the support guidelines in this case would be both inequitable and inappropriate. (See § 46b-215b of the General Statutes). Accordingly, he is ordered to pay as and for child support the sum of one hundred twenty-five ($125) per week per child, or a total of two hundred fifty ($250) dollars per week. In addition thereto, the court does find an arrearage with respect to a prior order of retroactivity (Axelrod J.). That figure is four thousand ($4000) dollars based upon sixteen weeks at two hundred fifty ($250) dolIars per week. He is also ordered to pay the sum of twenty ($20) dollars per week on that arrearage. An order may enter in accordance with the foregoing.
Moraghan, J.